UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOE HAND PROMOTIONS, INC. as Broadcast
Licensee of the November 21, 2015 Cotto/Canelo
Program,

    *Plaintiff*,

v.

HOWARD SINGLETON a/k/a HOWARD
MEDLEY, Individually, and d/b/a MEDLEY'S
JAZZ RESTAURANT, a/k/a MEDLEY'S JAZZ
BAR,

    *Defendant*.

Civil Action No. 17-13687
(JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

## I.   INTRODUCTION

This case concerns a bar's improper use of a satellite signal to broadcast a boxing match. Currently pending before the Court is the motion of Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") for default judgment against Defendant Howard Singleton doing business as Medley's Jazz Bar ("Defendant") under Federal Rule of Civil Procedure 55(b). D.E. 9. The Court reviewed all submissions made in support of the motion, which was unopposed, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff was authorized by contract to display a boxing match between Miguel Cotto and Canelo Álvarez ("Program"), on November 21, 2015, via closed circuit television and encrypted satellite signal. D.E. 1, "Compl." at ¶ 18. Under this contract, the event would originate via

satellite uplink and be retransmitted to cable systems and satellite companies through a satellite signal. *Id.* Plaintiff subsequently entered into agreements with other entities to display the Program. *Id.* at ¶ 19. Any entity who wished to display the Program was required to obtain a license from Plaintiff. Affidavit of Joe Hand, Jr., D.E. 9-1, hereinafter "Pl. Aff." at ¶ 3.

Defendant Howard Singleton operates Medley's Jazz Bar (the "Establishment") located in Linden, New Jersey. Compl. at ¶ 7. The Establishment has an estimated capacity of 50-100 patrons. *Id.* at ¶ 15. Singleton had supervisory capacity and control over the Establishment. *Id.* at ¶ 8. On the day of the Program, Plaintiff retained auditors to identify locations which were unlawfully showing the Program. Pl. Aff. at ¶ 4. The Establishment showed the Program, without Plaintiff's authorization or license, by descrambling and intercepting Plaintiff's signal. Compl. at ¶ 21; *see also* Ex. C–D to Pl. Aff.

Singleton was present when the Establishment showed the Program. *Id.* at ¶¶ 11–12. Singleton had also advertised the Program at the Establishment and increased food and drink prices during the Program. *Id.* at ¶¶ 13–14. The illegal interception of Plaintiff's signal could be accomplished in three ways: (1) using an illegal satellite receiver; (2) misrepresenting its business as a residence; or (3) taking a legitimate receiver from a home to the business. *Id.* Through its trickery, the Establishment was able to realize increased revenues without properly compensating Plaintiff. *Id.* at ¶ 29.

Plaintiff filed its Complaint on December 27, 2017. D.E. 1. Defendant was served personally on March 23, 2018, and proof of service was then filed with the Court. D.E. 5. On April 16, 2018, Plaintiff filed its motion for Entry of Default. D.E. 8, ("Stat. Rept."). The default was entered the next day. Defendant Singleton contacted Plaintiff and indicated that he would file an answer upon retaining an attorney. *Id.* However, Singleton has not appeared or filed an answer.

*Id.* In this motion for default judgment, Plaintiff seeks damages for a violation of the Piracy Statutes of the Federal Communications Act. Specifically, Plaintiff requests $5,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), as well as $10,000 in statutory damages pursuant to § 605(e)(3)(C)(ii). Plaintiff also requests $3,388.50 in attorneys' fees pursuant to § 605(e)(3)(B)(iii). Pl. Aff. at ¶¶ 2–4; Compl. at ¶¶ 26–27.

## III. LAW AND ANALYSIS

### A. Standard of Review

In a motion for a default judgment, all factual allegations are taken as true with the exception of damages. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005)). However, the Third Circuit has emphasized that cases should be decided on the merits whenever possible. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). Therefore, there are prerequisites which must be met before a default judgment is entered. A court must be satisfied that it has jurisdiction over both the subject matter and the parties; that the defendant was properly served; that the complaint states a sufficient cause of action; and that plaintiff has proven damages. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Upon meeting these prerequisites, the court will consider (1) prejudice to the plaintiff if the default judgment is not granted; (2) whether defendant has a viable defense; and (3) whether defendant is culpable for his or her delay. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction

#### i. Subject Matter Jurisdiction

Before entering a default judgment, the court must determine that it has subject matter jurisdiction. *HICA Educ. Loan Corp. v. Surikov*, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)). Here, the Court has jurisdiction pursuant to 28 U.S.C. § 1331, which states that the district courts have original jurisdiction over all cases arising under the Constitution, laws, or treaties of the United States. Plaintiff has invoked the laws of the United States by bringing the action under federal statutes 47 U.S.C. § 553 and § 605. Accordingly, this Court has subject matter jurisdiction over this case.

#### ii. Personal Jurisdiction

This Court also has personal jurisdiction over Defendant. Defendant Singleton is domiciled in the state of New Jersey; and he was served in New Jersey. Compl. at ¶¶ 4, 6. Therefore, the Court has personal jurisdiction over the Defendant in this action.

#### iii. Service

A defendant must be properly served before a default judgment may be entered. *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). Federal Rule of Civil Procedure 4 governs service of the summons and complaint. Here, Singleton was personally served and proof of service was filed with the Court. D.E. 5. Therefore, service on Defendant was proper in this case.

## C. Sufficiency of Cause of Action

In considering the sufficiency of the action, the court accepts all well-pleaded factual allegations in the pleadings as true, except for damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008). Here, Plaintiff alleges a violation of the Piracy Statutes of the Federal Communications Act and seeks damages under 47 U.S.C. § 605. To show a violation of this section, Plaintiff must prove that Defendant (1) intercepted any radio communication; (2) was not authorized to exhibit the communication; and (3) divulged or published the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. 47 U.S.C. § 605(a).

Plaintiff adequately asserted all three elements. First, Plaintiff annexed to its Complaint photographs proving that Defendant did display the Program. Ex. C to Pl. Aff. Second, Defendant was not authorized to display the Program because it was not granted a license by Plaintiff. *See* Ex. A to Pl. Aff. Additionally, Plaintiff provided evidence suggesting that the only way Defendant could have gained access to the Program was by improperly intercepting Plaintiff's signal. Compl. at ¶ 11. Finally, Plaintiff put forth evidence that Defendant shared the Program with its patrons, advertised the Program, and increased food and drink prices during the broadcast of the Program. Compl. at ¶ 14; *see also* Ex. C to Pl. Aff. Accordingly, Plaintiff has sufficiently alleged a cause of action for a violation of 47 U.S.C. § 605 for purposes of the current motion.

## D. Proof of Damages

When a plaintiff alleges damages under the Piracy Statutes, it may recover under either 47 U.S.C § 553 or § 605, but not both. *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001). A plaintiff claiming damages under § 605 may elect to recover actual or statutory damages. § 605(e)(3)(C)(i). Statutory damages are meant to act as a deterrent and may be awarded regardless

of whether a plaintiff actually suffered economic harm. *Schnall v. Amboy Nat. Bank*, 279 F.3d 205, 207 (3d Cir. 2002). As to statutory damages, a court has discretion in awarding damages up to $10,000. § 605(e)(3)(C)(i)(II). In addition to the damages awarded under § 605(e)(3)(C)(i)(II), the court may award enhanced damages if the violation was committed willfully and for the purpose of commercial gain. § 605(e)(3)(C)(ii). The court may award enhanced damages up to $100,000. *Id.*

Willfulness has been defined by the Supreme Court as a disregard for a statute and indifference to its requirements. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985). In exercising its discretion regarding enhanced damages for willfulness, the court considers (1) whether defendant has intercepted broadcasts repeatedly; (2) whether defendant received substantial profits from the broadcast; (3) whether plaintiff suffered significant damages; (4) whether defendant advertised its broadcast of the event; and (5) whether defendant charged a cover charge because of the broadcast. *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *7 (D.N.J. Mar. 13, 2013) (citing *Kingvision Pay-Per-View Ltd. v. Rodriguez*, 2003 WL 548891, at *2 (S.D.N.Y. Feb. 25, 2003)). When the broadcast is displayed at defendant's place of business, the court will assume that the interception was done for commercial gain. *Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *3.

In determining the extent of damages, a court will also consider certain discretionary factors such as lost profits and revenue to the plaintiff based on what he or she would have received if there was no violation. *See J&J Sports Productions, Inc. v. Gallegos*, 2008 WL 3193157 (D.N.J. Aug. 5, 2008) (awarding plaintiff an estimate of what it would have cost defendant to lawfully display the program); *see also Comcast Cable Comm. v. Bowers*, 2007 WL 1557510 (D.N.J. May 25, 2007) (holding that the court should use the value of the services which defendant unlawfully

displayed to determine damages). However, the court may also increase the damages award to deter a future violation. *Comcast Cable Comm.*, 2007 WL 1557510 at *4 (using deterrence as a justification for awarding $10,000 in statutory damages when actual damages were likely much less).

A successful plaintiff is also entitled to an award of reasonable attorneys' fees and full costs of litigation. § 605(e)(3)(B)(iii). The Third Circuit uses a lodestar approach to determine reasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This approach calculates attorneys' fees based on the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Id.*

Plaintiff states its actual damages are $2,200, the amount of the licensing fee that Defendant should have paid. Pl. Aff. at ¶ 8. Plaintiff, however, has elected to recover under 47 U.S.C. § 605. Plaintiff asks for $5,000 under § 605(e)(3)(C)(i)(II). The Court finds this request reasonable because it is less than the statutory maximum and because and Defendant clearly harmed Plaintiff by unlawfully realizing financial gain from the Program to which Plaintiff owned the rights.

Plaintiff also asks for $10,000 under § 605(e)(3)(C)(ii). Plaintiff is entitled to damages under this section in addition to those awarded above because the Court finds that the violation was willful. The Court finds that Defendant's violation was willful for several reasons. First, signals do not spontaneously descramble. *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999). Intentional actions are required to intercept a closed-circuit broadcast. *Joe Hand Promotions, Inc. v. Cat's Bar, Inc. et al.*, 2009 U.S. Dist. LEXIS 20961 (C.D.Ill. Mar. 16, 2009). Second, Defendant specifically advertised the illegal broadcast. In addition, Defendant acted for commercial gain and also increased the Establishment's food and beverage prices during the Program. Therefore, the court has the

discretion to award Plaintiff up to $100,000 under this section because the violation was done willfully and for commercial gain. Plaintiff only requests $10,000. Plaintiff invested a large sum of money into obtaining the rights to the Program, and the Court agrees deterrence is a relevant factor. The Court, however, will decrease to award to $5,000 because a damages award should be enough to deter future violations without putting a defendant out of business. *See Garden City Boxing Club, Inc. v. Polanco*, 2007 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006). Accordingly, under sections 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii), the Court awards Plaintiff a total of $10,000.

Plaintiff also requests $3,388.50 in fees and costs. Plaintiff's attorney puts forth a detailed log supporting this request. Attorney Affidavit in Support of Damages, Costs, and Attorneys' Fees, D.E. 9-2, hereinafter "Atty. Aff.", at ¶¶ 8–9. The log contains a list of reasonable tasks and differentiates between work done by partners, associates, and paralegals. Using the lodestar approach, Plaintiff requests fees of $350 per hour for 0.40 partner hours, $250 per hour for 5.50 associate hours, and $95 for 11.30 paralegal hours, for a total of $2,588.50. Ex. A to Atty. Aff. With the addition of the filing fee and service of process fee, Plaintiff is entitled to $3,388.50 in fees and costs. Accordingly, Plaintiff is entitled to $13,388.50 in total, consisting of $10,000 in statutory damages and $3,388.50 in attorneys' fees and costs.

This award is consistent with previous awards under similar circumstances. For example, the Second Circuit upheld an award for plaintiff of $5,000 under § 605 and an additional $5,000 for willfulness. *Garden City Boxing Club, Inc. v. Polanco*, 2007 WL 1098112 (2d Cir. 2007). In that case, the defendant intercepted the same type of program, the actual damages suffered by the plaintiff were nearly identical to the present case, and the defendant was a small business. Therefore, the award of $13,388.50 in the present case is justified because it is unlikely that

Defendant obtained a significant sum of profits due to the Establishment's small size, and this award is sufficient to deter future violations without putting Defendant out of business.

### E. Default Judgment

#### i. Prejudice to Plaintiff

Prejudice is established when a plaintiff's ability to pursue the claim has been "hindered...[by] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656–57 (3d Cir. 1982)). Here, Plaintiff has no other method of seeking damages for the harm caused by Defendant other than the current suit. *Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). In addition, in piracy cases, a plaintiff typically has an opportunity to establish exactly how the defendant violated the piracy statute through discovery. *See* § 605(e)(3)(A). However, Plaintiff does not have such an opportunity because of Defendant's default. Therefore, Plaintiff would be prejudiced if the default motion was not granted.

#### ii. Litigable Defense

A meritorious defense is one which, "if established at trial, would completely bar plaintiff's recovery." *HICA Educ. Loan Corp. v. Surikov*, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (citing *Momah v. Albert Einstein Medical Center*, 161 F.R.D. 304, 307 (E.D.Pa. 1995)). Here, there is nothing to suggest that Defendant has such a defense. Nothing on the face of the Complaint suggests that such a defense is available. Plaintiff's evidence clearly indicates that Defendant descrambled and intercepted the Program in direct violation of federal piracy statutes. Finally, even if Defendant had put forth evidence that this violation was not willful, Plaintiff's recovery would not be completely barred, but would merely minimize the available statutory damages.

Moreover, there has been no indication that Defendant's conduct was not willful. Therefore, Defendant does not have a litigable defense and this factor weighs in favor of granting the default judgment.

### iii. Culpability for Delay

A court may find a lack of culpability on behalf of a defaulting defendant where the defendant has not answered due to an innocent mistake. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir. 2006); *see Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (holding no culpability where defendant was not informed of a court conference). The standard for culpable conduct in the Third Circuit is "willfulness" or "bad faith" of a nonresponding defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). However, reckless disregard for communications from a plaintiff or the court can satisfy the culpable conduct standard. *Id.*

Here, Defendant is culpable for the delay in response to the Complaint. There is no evidence of innocent mistake by Defendant. To the contrary, Defendant indicated that he would answer and subsequently failed to do so, demonstrating that the delay was not a mistake, but was intentional. Therefore, Defendant is culpable for the delay, and this factor weighs in favor of granting the motion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate Order accompanies this Opinion.

Dated: June 20, 2018

John Michael Vazquez, U.S.D.J.